IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MERRILL ANDREWS,

                    Petitioner,

          v.                              CASE NO. 05-3480-SAC

STATE OF KANSAS, et al.,

                    Respondents.



                    O R D E R

     This matter is before the court on a petition for writ of
habeas corpus under 28 U.S.C. 2254, filed pro se by a prisoner
incarcerated in the United States Penitentiary in Florence,
Colorado, on December 21, 2005.  Having reviewed petitioner's
limited financial resources, the court grants petitioner's motion
for leave to proceed in forma pauperis in this habeas action.

     Petitioner challenges his conviction in the State of Kansas
on charges including first degree felony murder, which the Kansas
Supreme Court affirmed in 1979.  Petitioner now claims he has
evidence of his actual innocence, and seeks relief to remedy the
alleged  fundamental  miscarriage  of  justice.   It  appears
petitioner is currently serving a federal sentence imposed for
his robbery of a credit union in 2002 while on parole in the
Kansas sentence.

     As amended by the Antiterrorism and Effective Death Penalty
Act (AEDPA) effective April 24, 1996, a one year limitation

period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). For pre-AEDPA convictions, a state prisoner had a year from April 24, 1996, to seek federal habeas relief, Miller v. Marr, 141 F.3d 976 (10th Cir. 1998), or to toll the running of the limitation period during the pendency of a properly filed state post-conviction proceeding and appeal, U.S.C. § 2244(d)(2).

Applying these statutes to the dates provided by petitioner in his application, the court finds this matter should be dismissed because the application is time barred. *See* Jackson v. Sec. for Dept. of Corrections, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a 2254 petition even though the statute of limitations is an affirmative defense).

The statutory limitation period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)

Only sections (A) and (D) are implicated on the face of

petitioner's application, and neither result in a timely filed application.

Pursuant to § 2244(d)(1)(A) and the one year grace period recognized for pre-AEDPA convictions, the one year limitation period began running on April 24, 1996, and expired one year later. Petitioner identifies no properly filed state court action or appeal during that one year period that would toll the running of the limitation period as provided in § 2244(d)(2). Nor does petitioner identify any facts warranting equitable tolling of the limitation period. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling of AEDPA limitations period is limited to rare and exceptional circumstances).

To the extent petitioner seeks relief based on his discovery of new evidence in 2002 of his actual innocence and of the prosecutor's alleged failure to disclose an agreement to dismiss charges in exchange for the testimony of a state witness, application of § 2244(d)(1)(D) still results in a time barred petition. Petitioner's filing history in the state courts clearly includes repeated post-conviction motions since 1979 based on the alleged recantation of the state witness, and on the documented dismissal of criminal charges against said witness.

Although petitioner cites his renewed state court motion in 2003, based on recent testimony by another prisoner regarding knowledge of the witness recantation in petitioner's trial, this testimony falls far short of establishing the due diligence required for running the limitation period from the discovery of the factual predicate to petitioner's claim.

Accordingly and for the reasons cited herein, the court directs petitioner to show cause why the petition for writ of habeas corpus should not be dismissed as time barred.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition for writ of habeas corpus should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 13th day of January 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge