```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MERRILL ANDREWS,**

                    **Petitioner,**

        **v.**                                            **CASE NO. 05-3480-SAC**

**STATE OF KANSAS, et al.,**

                    **Respondents.**


### O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. 2254.

The record discloses that petitioner was convicted in 1978 on Kansas charges of felony murder and aggravated burglary. He was released on parole in 1999. The Kansas Department of Corrections issued a parole violation warrant following petitioner's robbery of a Credit Union in May 2002. Petitioner is currently incarcerated in a United States penitentiary in Colorado in service of a federal sentence.

Petitioner filed the instant action to seek relief in his 1978 state criminal case. By an order dated January 13, 2006, the court directed petitioner to show cause why the petition should not be dismissed as untimely filed. *See* 28 U.S.C. § 2244(d)(1)(one year limitation period applies to habeas petitions filed by prisoner challenging a state court judgment).

In response, petitioner cites his 2002 discovery of new and

further evidence of innocence, and his diligence in pursuing relief without success in the state courts thereafter. Having reviewed the record, the court continues to find this matter should be dismissed as time barred.

Pursuant to § 2244(d)(1)(A) as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, the one year limitation period for seeking federal habeas corpus relief on petitioner's 1978 state conviction began running on April 24, 1996, and expired one year later.[1] Petitioner identifies no filing in the state courts during that one year period to toll the running of the limitation period as provided in § 2244(d)(2).

Instead, petitioner argues the limitation period should run from his 2002 discovery of evidence of his actual innocence. *See* 28 U.S.C. § 2244(d)(1)(D)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). The court does not agree.

Petitioner cites the recantation of Noyldan Baker, a key state witness who then died in 1979 without providing sworn testimony of his recantation. However, this evidence was clearly known and first litigated in the state courts well before passage of AEDPA, and thus lends no support to petitioner's argument for application of §

---

[1]*See* Miller v. Marr, 141 F.3d 976 (10th Cir.)(habeas applicants challenging a pre-AEDPA state conviction have one year from April 24, 1996, to seek federal habeas relief), *cert. denied*, 525 U.S. 891 (1998).

2244(d)(1)(D).

Petitioner also cites the testimony of Anthony Chiles who states he heard another person (Sidney Bryant) admit to committing the murder in petitioner's crime, and points to the discovery by a private investigator that Sidney's brother owned a car similar to that seen outside the victim's home. However, there is no real basis for finding this evidence could not have been discovered earlier through petitioner's exercise of due diligence.

Alternatively, petitioner contends he is entitled to equitable tolling of the § 2244(d)(1) limitation period under the circumstances and because he is advancing evidence of actual innocence. The court rejects this contention.

There is no explicit exemption in § 2244(d)(1) for claims of actual innocence, thus courts have considered such claims in the context of a claim for equitable tolling of the limitation period. *See* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling may be appropriate when a prisoner is actually innocent)(*citing* Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998)); Balsewicz v. Kingston, 425 F.3d 1029, 1033 (7th Cir. 2005)(§ 2244(d) claim of actual innocence to be considered in conjunction with claim for equitable tolling), *cert. denied*, 126 S.Ct. 1160 (2006). In the present case, petitioner demonstrates no extraordinary circumstances beyond his control that made it impossible for him to seek relief in a more timely and diligent manner. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate

3

diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001); Gibson, 232 F.3d at 808 (equitable tolling of AEDPA limitations period is limited to rare and exceptional circumstances).

The court also finds the evidence proffered by petitioner is wholly insufficient to establish "new reliable evidence that was not presented at trial" or to establish "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327-29 (1995). As noted by the Kansas Court of Appeals, even if petitioner's conclusory allegations could be factually supported, they would not absolve petitioner of criminal responsibility for the murder where the evidence pointed to two unknown individuals that may have been involved.[2] Accordingly, the court finds petitioner is not entitled to equitable tolling of the limitation period in § 2244(d)(1). *See* Felder v. Johnson, 204 F.3d 168 (5th Cir.)(mere claim of innocence, with no showing of factual innocence, does not constitute "rare and exceptional" circumstance for equitable tolling), *cert. denied*, 531 U.S. 1035 (2000).

The court thus concludes for the reasons stated herein that petitioner's application for a writ of habeas corpus should be dismissed as untimely filed.

IT IS THEREFORE ORDERED that petitioner's motion (Doc. 4) to

---

[2]*See* Andrews v. State, Appeal No. 92024, 2005 WL 823913 (April 8, 2005)(unpublished opinion).

supplement his memorandum of law in support of his petition for writ of habeas corpus is granted.

IT IS FURTHER ORDERED that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 10th day of March 2006 at Topeka, Kansas.


　　　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　　　U.S. Senior District Judge